IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD GRAY,<br><br>**Plaintiff,**<br><br>v.<br><br>PAUL J. HICKMAN, Saline County District Court Judge,<br><br>**Defendant.** | Case No. 2:22-cv-02148-HLT-ADM |

### ORDER

Pro se Plaintiff Edward Gray filed this case against Defendant Paul Hickman, who is a Saline County District Court Judge.[1] The case appears to arise out of a hearing that Gray had or participated in, and over which Hickman presided. Hickman moves to dismiss. Doc. 15. Although Gray was informed of the deadline to file a response and cautioned that the Court will take up the motion without the benefit of his opposition if he fails to respond, Doc. 17, Gray has not responded to the motion. For the reasons stated below, the motion to dismiss is granted.

In deciding a motion to dismiss, the Court accepts as true the well-pleaded allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Gray's complaint states that the Court has jurisdiction under 28 U.S.C. § 1343. Doc. 1 at 3. The factual basis of his claim is the following:

> Took my wife and I right to talk, and we was the Plaintiff, called a lie about my hair. He was [bias] and he harass me, call me out my name.
>
> . . .
>
> Judge Paul J. Hickman for no reason call me out African American w/ beard and a head full of hair and he laughed at me, and Judge

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate. *Id.*

> Paul J. Hickman didn't let us talk [or] say anything about the defend, whenever we try to talk we [were] told to not speak or he will mute us[.]

*Id.* Gray also alleges he has tried to obtain the transcript of the hearing, but Hickman will not provide it. *Id.* at 6. He seeks $600,000 in damages because of his and his wife's health, stress, and due to missed work. *Id.* at 4.[2] Gray also alleges that Hickman said he could never see his granddaughter and "[took] my rights and ran it into the ground." *Id.*

Hickman first moves to dismiss under Rule 12(b)(1), which permits a court to dismiss a complaint for lack of subject-matter jurisdiction. A facial attack to a complaint's allegations of subject-matter jurisdiction, which Hickman mounts here, considers the sufficiency of the complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). The stated basis for jurisdiction in the complaint is 42 U.S.C. § 1343. Under § 1343, federal district courts have jurisdiction over certain civil-rights claims. But § 1343 does not create substantive rights. *Lewis ex rel. Lewis v. Stevenson*, 123 F. App'x 885, 886 (10th Cir. 2005) (stating that § 1343 "is a jurisdictional statute that provides the federal courts with subject-matter jurisdiction to hear a civil rights conspiracy claim under 42 U.S.C. § 1985, a claim for deprivation of one's civil rights under color of state law, or a claim for violation of any Act of Congress providing for the protection of civil rights").

Here, Gray does not allege any civil-rights claim or any other statutory basis for jurisdiction. *See id.* at 887 (noting that generalized allegations do not transform state proceedings into civil-rights matters). Nor has Gray responded to the motion to dismiss to explain the jurisdictional basis for his case. *See id.* (noting that the party seeking the exercise of federal

---

[2] Hickman's motion to dismiss references an allegation that Gray developed a stress ulcer. Doc. 16 at 2. But this allegation does not appear in the complaint filed in this case. *See generally* Doc. 1.

2

jurisdiction has the burden of pleading facts that would support it). Accordingly, the Court must dismiss the case for lack of subject-matter jurisdiction. *See id.*[3]

Hickman alternatively moves to dismiss for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation and citation omitted). The Court agrees with Hickman that Gray has failed to state a claim. Gray does not state what legal claims he is asserting, nor do the facts offer much insight. At most, all Gray alleges is that Hickman would not let him speak, commented about his hair, laughed at him, and failed to provide him with a transcript. Although Gray obviously did not appreciate Hickman's alleged behavior, none of the factual allegations state any apparent plausible claim for relief. Any ruling Hickman made regarding Gray's granddaughter also does not state a plausible federal claim.[4] Thus, dismissal would still be appropriate even if the Court had subject-matter jurisdiction.

THE COURT THEREFORE ORDERS that Hickman's Motion to Dismiss (Doc. 15) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.[5] This case is closed.

IT IS SO ORDERED.

Dated: November 7, 2022                /s/ *Holly L. Teeter*
                                       HOLLY L. TEETER
                                       UNITED STATES DISTRICT JUDGE

---

[3] Gray does not identify any other federal statute that his claims arise under, and thus the Court does not have subject-matter jurisdiction under 28 U.S.C. § 1331. Nor does Gray assert diversity jurisdiction under 28 U.S.C. § 1332. Even if he had, the parties are not diverse because both parties are citizens of Kansas. *See* Doc. 1 at 2.

[4] Although not entirely clear, it appears the dispute between Gray and Hickman arose in the context of a state legal proceeding over which Hickman was presiding. Hickman is therefore likely entitled to absolute judicial immunity. *Lachey v. Levy*, 2022 WL 783337, at *1 (10th Cir. 2022) ("The Supreme Court has recognized the absolute immunity of judges from civil damage lawsuits for conduct within their judicial function.").

[5] Dismissal is without prejudice because it is primarily based on lack of subject-matter jurisdiction. *See Strozier v. Potter*, 71 F. App'x 802, at *1 (10th Cir. 2003).